**Hildur M. Hallin et al., Appellees, v. George E. Penney et al., Appellants.**

**Gen. No. 22,770. (Not to be reported in full.)**

**Hildur M. Hallin et al., Defendants in Error, v. George E. Penney et al., Plaintiffs in Error.**

**Gen. No. 22,921. (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county in Gen. No. 22,770. Error to Circuit Court of Cook county in Gen. No. 22,921; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed December 21, 1917.

## Statement of the Case.

Bill by Hildur M. Hallin and others, complainants, against George E. Penney and others, defendants, to contest the validity of the purported last will and testament of Ernest Hallin, deceased, charging that the probate of the will was without notice to complainants as heirs at law of the decedent and denying that he

ever signed and executed the instrument, and alleging also that he was not of sound mind and memory at the time of its alleged execution. From a decree granting the relief prayed for, defendants appeal and also bring error.

Two issues of fact were ordered made and submitted to the jury: First, whether the writing purporting to be the last will and testament of the deceased was such last will and testament; and second, whether he was of sound mind and memory at the time of the execution of the instrument, to each of which the jury answered "No." The defendants offered no evidence and no appearance on their behalf was made at the trial. At the same term defendants presented a motion, supported by affidavits, asking that the verdict and decree be set aside and vacated, which after several continuances was overruled.

MELVILLE R. THOMSON, for appellants and plaintiffs in error.

ANDERSON, ANDERSON & ANDERSON, for appellees and defendants in error.

MR. JUSTICE MATCHETT delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 148*—*when counter-affidavits should not be considered on motion to set aside.* So far as counter-affidavits, filed in opposition to a motion to set aside and vacate a judgment or decree, relate to the merits of the case, it is error in a court to consider them.

2. APPEAL AND ERROR, § 1573*—*when consideration of counter-affidavits is not reversible error.* The erroneous consideration by a court of counter-affidavits, filed in opposition to a motion to set aside and vacate a judgment or decree, so far as they relate to the merits of the case, is not alone reversible error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Hallin v. Penney, 209 Ill. App. 230.

3. JUDGMENT, § 144*—*how affidavits in support of applications to set aside judgment by default construed.* In applications to set aside judgments by default or entered in *ex parte* proceedings, affidavits in support of such applications are to be construed most strongly against the party making the application.

4. JUDGMENT, § 132*—*when by default should be set aside.* When a judgment which is plainly unjust has been rendered against a party by default, if a reasonable excuse is shown for not having made a defense, and the party against whom the judgment is rendered exercises reasonable and ordinary diligence in moving to set it aside, it is the duty of the court to exercise its discretion by granting the motion, especially if- it be made at the same term at which the judgment is rendered.

5. APPEAL AND ERROR, § 1380*—*when discretion in setting aside judgment by default not disturbed.* A motion to set aside a judgment rendered by default is always addressed to the discretion of the trial judge, with which an Appellate Court will not interfere unless it has been abused.

6. JUDGMENT, § 146*—*when affidavits in support of motion to set aside by default do not show due and proper diligence.* Affidavits filed in support of defendants' motion to set aside the judgment rendered against him by default, *held* not to show due and proper diligence on behalf of their solicitor, where it appeared that he had been severely injured while absent from the place of trial but had returned 10 days before, and did not show he was unable to inquire in regard to the case or to secure some one to present to the court a motion to postpone it, and no affiant stated he was unaware of the case being on trial, and the solicitor's affidavit showed he had an office associate on whom he depended to try the case in his own absence whose affidavit was not procured, and who was not stated to have been uninformed of the trial, and motion was not filed until 9 days after the judgment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.